IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NATHANIEL DAVID CURRY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-30-WLS |
| | : | |
| WESTERN EXPRESS, | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

**ORDER**

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2). For the following reasons, Plaintiff's Motion is **GRANTED**.

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement ... of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (Section 1915 is designed to provide indigent litigants with meaningful access to courts). Thus, in determining whether a litigant may proceed without prepayment of the filing fee, the Court must assess Plaintiff's ability to prepay the cost and fees associated with filing a civil action in district court. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Moreover, although the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should

---

[1] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

be required before a claimant is allowed to proceed *in forma pauperis.*" *Levy v. Federated Dep't. Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984); *accord Evensky v. Wright*, 45 F.R.D. 506, 507–08 (N.D. Miss. 1968).

According to Plaintiff's IFP affidavit, Plaintiff is 47 years old and receives a monthly income from his employment in the amount of $2,000. (Doc. 2, at 2). His spouse also earns a monthly income of $800. (*Id.*) Plaintiff lists one (1) minor as dependent (*id.* at 3) and pays monthly expenses of $600 for mortgage, $800 for utilities, $500 for home maintenance, $400 for food, $250 for clothing, $60 for laundry and dry-cleaning, $100 for medical and dental expenses, and $200 per month for transportation. Plaintiff also notes that his spouse helps pay additional expenses for food by contributing $50 per month; $50 per month for clothing; $100 per month for medical and dental expenses; and $200 per month for transportation. (*Id.* at 4).

Upon review of Plaintiff's affidavit (Doc. 2 and considering the totality of the amounts alleged therein, the Court finds that Plaintiff is unable to prepay the entire filing fee. Therefore, his IFP Motion (Doc. 2) is **GRANTED**. However, upon review of Plaintiff's Complaint (Doc. 1), the Court finds that it does not comply with the federal rules, court rules, and is insufficient, as it primarily contains conclusory assertions.

Generally, Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Rule 8 instructs pleaders to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The point of Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elec. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quotation marks omitted). Additionally, Federal Rule of Civil Procedure 10 sets forth the form of pleadings and requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances and that each claim that is founded on a separate occurrence must be stated as a separate count or defense to promote clarity. Fed. R. Civ. P. 10(b). Although a *pro se* party is afforded leniency that is not granted to those who are represented by counsel, such leniency does not permit a court to rewrite a deficient pleading by the *pro se* litigant to sustain an action. *Poursaied v. Rsrv, Park, LLC.*, 379 F. Supp. 3d. 1182, 1186 (11th Cir. 2019) (citations omitted). Generally, courts do not treat conclusory assertions or recitation of a cause of action's

elements as true. *Id.* at 1187 (citation omitted). Moreover, a *pro se* litigation is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Id.*

Here, Plaintiff has completed a non-prisoner form titled "Complaint for Employment Discrimination" pursuant to Title VII of the Civil Rights Act, Americans with Disabilities Act, and termination that Plaintiff alleges was "illegal under contract" against Western Express. (Doc. 1). The Complaint alleges that the purported discriminatory act occurred in July of 2022, while he was in the hospital, and alleges that he was terminated from his job because he was ill. (*Id.* at 4–5). Plaintiff states that he feels that he "should be compensated for prolonging [his] illness" that led him to the ICU. (*Id.* at 6).

Upon review of Plaintiff's current Complaint (Doc. 1), the Court finds that it does not comply with Rule 8, as it lacks facts necessary to support each claim; furthermore, the relief that Plaintiff seeks is unclear based on the current Complaint. *See Grady v. Ga. Dep't of Corr.*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010) ("Yet, despite liberal pleading standards for *pro se* litigants, the Court cannot be forced to speculate on what someone is complaining about."). Therefore, while Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, if Plaintiff wishes to proceed with his action, he is **ORDERED** to file an amended complaint within **twenty-one (21) days** of entry of this Order. If Plaintiff fails to file an amended complaint as ordered herein, Plaintiff's complaint may be dismissed without prejudice without further notice or proceedings.

If Plaintiff files an amended complaint, he must present each claim separately, alleging sufficient facts that clearly identify the purported injury, discrimination, or deprivation allegedly committed by Defendant, identifying those actions on the part of Defendant, that is alleged in that claim. In doing so, the amended complaint should not contain conclusory, vague, or immaterial facts that are not obviously connected to any particular cause of action.

## **CONCLUSION**

In sum, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**. However, if Plaintiff wishes to proceed with this action, he is **ORDERED** to file an amended complaint within **twenty-one (21) days** of entry of this Order. If Plaintiff fails to file an amended complaint as ordered herein, Plaintiff's complaint may be dismissed without prejudice without further notice or proceedings.

**SO ORDERED**, this 8th day of March, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**